HENRY D. LAUGHLIN, Appellee, *vs.* ANGUS J. C. LEDGER-WOOD, Appellant.

*Opinion filed April 23, 1909—Rehearing denied June 2, 1909.*

CONTRACTS—*when loan is made by president of corporation individually and not by corporation.* An agreement by the president of a corporation to loan money, which is paid to the borrower by checks drawn by the corporation and charged to the private account of the president, to whom the corporation was indebted in an amount exceeding the amount of the checks, is the individual contract of the president of the corporation, and the right of recovery is in him and not in the corporation.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. C. BARNES, Judge, presiding.

This is an appeal by Angus J. C. Ledgerwood from a judgment of the Branch Appellate Court for the First District affirming a judgment for the sum of $5556.90 and costs of suit recovered by Henry D. Laughlin, appellee, against appellant, in the superior court of Cook county, in an action in assumpsit. To the declaration, which contained only the common counts, appellant interposed the general issue. At the close of all the evidence the court denied appellant's motion for a peremptory instruction and instructed the jury to find the issues for appellee, which was accordingly done. Appellant's motions for a new trial and in arrest of judgment were overruled.

It appears from the record that in August, 1899, appellant, who was a building contractor in the city of Chicago, called at the office of appellee, who at that time was president and general manager of the American Brake-Beam Company, and informed him that he was badly in need of financial assistance and requested help from him. Prior to this time appellant had done considerable building for appellee and the two men were on the most intimate terms. Upon being asked by appellee how much money he needed, appellant replied that he would need from $3000 to $5000. He stated that if appellee would let him have the money for a short time he would pay interest at the rate of six per cent and secure him by giving a mortgage on certain real estate that he owned. Appellee then told him that if he required no more than $5000 he would let him have the money. Thereupon he told the book-keeper of the company, and W. A. Tichenor, the treasurer of the company, that he had agreed to let appellant have money up to $5000. He then directed the book-keeper of the Beam company to

draw checks up to that amount in favor of the appellant as called for and charge the same to his (appellee's) account. Accordingly checks aggregating $4000 were drawn at various times within a few weeks and handed to appellant. Appellee requested appellant to take the abstracts of title to his property to Mr. Ahrens, who was then appellee's attorney, and have the note and mortgage drawn. Appellant took the abstracts to the office of Mr. Ahrens, apparently for the purpose of having the papers prepared. A few days later, before this was done, he called at Mr. Ahrens' office and informed him that he expected to arrange matters with appellee so that it would not be necessary to draw the note and mortgage, and took the abstracts away with him.

On July 21, 1900, appellee learned from Mr. Ahrens for the first time that appellant had not executed the papers, and thereafter he wrote appellant a number of letters concerning the payment of the loan. Various conversations thereafter took place between the parties hereto, which indicate that both considered the transaction a loan of appellee's money and not a loan of money belonging to the Beam company, as appellant now contends it was. The note and mortgage were never executed and no part of the money borrowed has been paid, either to appellee or to the Beam company.

The checks given to the appellant were drawn on the account of the Beam company with the American Trust and Savings Bank, payable to the appellant, and signed for the Beam company by its treasurer and countersigned by appellee as its general manager.

Appellant contends (1) the court erred in passing on objections to evidence offered; (2) the court erred in refusing to direct a verdict in his favor; and (3) the court erred in directing a verdict for appellee.

JOHN P. AHRENS, and E. F. ABBOTT, for appellant.

EDDY, HALEY & WETTEN, (EMIL C. WETTEN, and CHARLES H. PEGLER, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The evidence shows, without dispute, that the contract to loan the money was between Laughlin in his individual capacity, acting for himself, and Ledgerwood, and that the latter agreed to give Laughlin a note and mortgage to secure the money loaned. The money was paid to Ledgerwood by several checks payable to him, drawn by the American Brake-Beam Company upon its funds in bank, signed for it by W. A. Tichenor as treasurer and countersigned by Laughlin as its general manager.

The appellant contends, upon the authority of *Leigh* v. *American Brake-Beam Co.* 205 Ill. 147, that the manner in which the money was paid to him shows, or tends to show, that the money which he received was, in fact, the money of the Beam company, and that he is liable to it and not to appellee. In that case this same company brought suit against Leigh in assumpsit and filed a declaration which contained the common counts, including a count for money had and received, and proved the drawing of two checks signed precisely as were those in the case at bar, payable to Leigh, the payment of the checks to Leigh, demand made upon him by the Beam company for the amount thereof and the non-payment of the amount demanded. Plaintiff then rested. Leigh offered to show that he was interested, with Laughlin and others, in a mining property, and that Laughlin offered to advance the money to carry on the mining enterprise; that Laughlin said he could obtain the money from his corporations, one of which was the Beam company, of which he was then, as now, president and general manager, and that the checks were given to Leigh for the purpose of using the money in that way for the joint benefit of those who were interested in the mining property. There was no evidence tending to show that Laughlin had any au-

thority from the directors or stockholders of the corporation to take its money and deliver it to Leigh for any such purpose. In reference to this offer it was held that Laughlin was without power to appropriate the money of the corporation to the use of himself and his associates in his private business, and that Leigh had notice, both by the checks and the agreement which he offered to prove, that the money of the Beam company was being taken by its president and manager, Laughlin, to be used for the benefit of Laughlin, Leigh and their associates and not for any purpose or business of the corporation. Oral evidence in the case now before us, which is undisputed, shows that when the checks involved in this case were drawn, money was due and payable from the company to Laughlin in excess of the amount of the checks; that the book-keeper of the company was directed to charge the checks against Laughlin on the company's books, and that, as between the company and Laughlin, the matter of these checks was adjusted by deducting their amount from the amount payable to Laughlin from the Beam company. Under these circumstances it seems clear that the case above cited is not in point.

The court admitted in evidence, over the objection of the appellant, a certain part of the ledger of the Beam company showing a portion of the account of that company with Laughlin. Whether that part of the ledger was properly admitted is not here material. The evidence, disregarding the portion of the ledger account so introduced, warranted a recovery. Had there been anything in the case for a jury, the question whether the admission of that proof was improper would be considered.

We are of opinion that appellee's contention that this appeal was prosecuted for delay is without warrant.

The judgment of the Branch Appellate Court will be affirmed.

*Judgment affirmed.*